In the United States District Court
For the Eastern District of Texas
Beaumont Division

FILED-CLERK
U.S. DISTRICT COURT
02 MAR -1 AM 9: 54
TX EASTERN-BEAUMONT
BY _____

| | |
|---|---|
| Bank of America, N.A. (formerly NationsBank, N.A., successor-in-interest by merger to NationsBank of Texas, N.A.) § § § § | |
| Plaintiff, § | Civil Action No. 1·02CV 0 1 1 4 |
| v. § § | |
| Jaspar Plaza Associates, L.L.C., Robert Kimble, Danny Mitchell, Stephen Walker, and William R. Austin, § § § | |
| Defendants. | |

## Complaint

To The Honorable Judge of Said Court:

COMES NOW BANK OF AMERICA, N.A., a national banking association (formerly NationsBank, N.A., successor-in-interest by merger to NationsBank of Texas, N.A.) (hereinafter sometimes referred to as "Bank of America"), complaining of Jaspar Plaza Associates, L.L.C., Robert Kimble, Danny Mitchell, Stephen Walker, and William R. Austin (collectively sometimes referred to as "Defendants"), and for cause of action would respectfully show the Court the following:

1. Bank of America is a national banking association organized and existing under the laws of the United States and maintains its principal banking office in Charlotte, North Carolina. For diversity purposes, Bank of America is a citizen of the State of North Carolina.

2. Jaspar Plaza Associates, L.L.C. ("JPA") is, upon information and belief, an Arkansas limited liability company with its principal place of business in Hot Springs, Arkansas.

For diversity purposes, JPA is a citizen of the State of Arkansas. JPA has done and is doing business in Texas. JPA may be served with process by serving its registered agent in Texas, Duane Meyers, Route 12, Box 380, Longview, Texas 75605. Alternatively, if two unsuccessful attempts have been made on different business days to serve this agent, JPA may be served with process by serving the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(a)(2). The Texas Secretary of State shall serve JPA with process as required by Tex. Civ. Prac. & Rem. Code § 17.044 et seq. The Secretary of State shall immediately mail a copy of the process (summons and complaint) to JPA, to the attention of Stephen Walker, the person in charge of JPA's business, at his home or home office, 110 Pine Terrace, Suite D, Hot Springs, Arkansas 71901, as listed with the Texas Secretary of State. Such documents shall be sent by registered or certified mail, return receipt requested.

3. Robert Kimble ("Kimble") is, upon information and belief, an individual resident of Hot Springs, Arkansas. For diversity purposes, Kimble is a citizen of the State of Arkansas. Kimble is a guarantor of the indebtedness of JPA which forms the basis of this suit. Kimble is a non-resident of Texas who has done and is doing business in Texas, and has entered into contracts performable in Texas, and breached these contracts performable in Texas. These breaches of contract form the basis of this suit. Kimble has no agent for service of process in Texas. Accordingly, pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b), Kimble has appointed the Texas Secretary of State as his agent for process who shall serve Kimble with process in this action as required by Tex. Civ. Prac. & Rem. Code § 17.044 et seq. The Secretary of State shall immediately mail a copy of the process (summons and complaint) to

Kimble at his home or home office: 10 Manchester Place, Hot Springs, Arkansas 71901. Such documents shall be sent by registered or certified mail, return receipt requested.

4. Danny Mitchell ("Mitchell") is an individual resident of Hot Springs, Arkansas. For diversity purposes, Mitchell is a citizen of the State of Arkansas. Mitchell is a guarantor of the indebtedness of JPA which forms the basis of this suit. Mitchell is a non-resident of Texas who has done and is doing business in Texas, and has entered into contracts performable in Texas, and breached these contracts performable in Texas. These breaches of contract form the basis of this suit. Mitchell has no agent for service of process in Texas. Accordingly, pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b), Mitchell has appointed the Texas Secretary of State as his agent for process who shall serve Mitchell with process in this action as required by Tex. Civ. Prac. & Rem. Code § 17.044 et seq. The Secretary of State shall immediately mail a copy of the process (summons and complaint) to Mitchell at his home or home office: 110 Pine Terrace, Suite E, Hot Springs, Arkansas 71901. Such documents shall be sent by registered or certified mail, return receipt requested.

5. Stephen Walker ("Walker") is, upon information and belief, an individual resident of Hot Springs, Arkansas. For diversity purposes, Walker is a citizen of the State of Arkansas. Walker is a guarantor of the indebtedness of JPA which forms the basis of this suit. Walker is a non-resident of Texas who has done and is doing business in Texas, and has entered into contracts performable in Texas, and breached these contracts performable in Texas. These breaches of contract form the basis of this suit. Walker has no agent for service of process in Texas. Accordingly, pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b), Walker has appointed the Texas Secretary of State as his agent for process who shall serve Walker with

process in this action as required by Tex. Civ. Prac. & Rem. Code § 17.044 et seq. The Secretary of State shall immediately mail a copy of the process (summons and complaint) to Walker at his home or home office: 110 Pine Terrace, Suite D, Hot Springs, Arkansas 71901. Such documents shall be sent by registered or certified mail, return receipt requested.

6. William R. Austin ("Austin) is, upon information and belief, an individual resident of Shawnee, Oklahoma. For diversity purposes, Austin is a citizen of the State of Oklahoma. Austin is a guarantor of the indebtedness of JPA which forms the basis of this suit. Austin is a non-resident of Texas who has done and is doing business in Texas, and has entered into contracts performable in Texas, and breached these contracts performable in Texas. These breaches of contract form the basis of this suit. Austin has no agent for service of process in Texas. Accordingly, pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b), Austin has appointed the Texas Secretary of State as his agent for process who shall serve Austin with process in this action as required by Tex. Civ. Prac. & Rem. Code § 17.044 et seq. The Secretary of State shall immediately mail a copy of the process (summons and complaint) to Austin at his home or home office: 2209 N. Union, Shawnee, OK 74804. Such documents shall be sent by registered or certified mail, return receipt requested.

7. This Court has original subject matter jurisdiction of this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332. This Court also has personal jurisdiction over all of the Defendants because they each entered into contracts performable in Texas, and these contracts and the breach of these contracts form the basis of this suit. This Court also has personal jurisdiction over the Defendants and subject matter jurisdiction over this controversy

because the contracts at issue contain a forum selection clause in which the Defendants consented to jurisdiction in any state or federal court where the land at issue is located (which is Jasper County, Texas). Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in this district and division. 28 U.S.C. § 1391(a). Venue is also proper pursuant to a forum selection clause in the contracts at issue.

8. On December 22, 1998, JPA executed and delivered a promissory note (the "Note") to NationsBank, N.A., a predecessor in interest to Bank of America, in the original principal amount of $862,000.00. Bank of America is the current owner and holder of the Note. The Note is in default, matured, was and is payable. Certain principal and interest remains due and owing on the Note. JPA failed and refused and continues to fail and refuse to pay sums due pursuant to the Note.

9. In connection with the Note, on December 22, 1998, Kimble, Mitchell, Walker and Austin (the "Guarantors") each executed and delivered to NationsBank, N.A., a predecessor of Bank of America, certain written Guaranty Agreements (the "Guaranties"). The Guaranties each provide they are absolute, complete and continuing with regard to the delineated guaranteed amounts. The Guaranties require, inter alia, each of the Defendants to make prompt and full payment of certain defined "Indebtedness," as defined therein. Bank of America is the current holder and owner of the Guaranties.

10. The Note is matured and unpaid. Despite demand, JPA has failed to make payment of the amounts due to Bank of America pursuant to the Note, as modified by a Note Modification Agreement and Second Note Modification Agreement. JPA has thereby breached the Note. Bank of America is entitled to have and recover of and from JPA the indebtedness

calculated pursuant to the Note, the Note Modification Agreement, and the Second Note Modification Agreement.

11. Despite demand, the Guarantors have failed to make payment of amounts due to Bank of America pursuant to their Guaranties. The Guarantors have thereby breached their Guaranties. Bank of America is entitled to have and recover of and from each of the Guarantors, the guaranteed indebtedness calculated pursuant to the Guaranties.

12. In order to collect amounts due and owing pursuant to the Note and the Guaranties, Bank of America retained the law firm of Jackson Walker L.L.P. to prosecute this suit and agreed to pay such firm its reasonable and necessary attorneys fees incurred in the prosecution of this lawsuit through trial and any appeal thereof. The claims specified herein have been presented to the Defendants. Payment for the just amount owed has not been tendered within the period prescribed by Tex. Prac.& Rem. Code §38.002. Accordingly, Bank of America is entitled to have and recover of and from the Defendants, jointly and severally, its attorneys' fees incurred in the prosecution of this lawsuit and any appeal therefrom.

13. All conditions precedent to the filing and prosecution of this lawsuit have been performed or have occurred.

14. As a proximate cause of Defendants' breach of the terms of the Note and the Guaranties, Defendants were liable to Bank of America, as of February 5, 2002, for principal and interest on the indebtedness in the amount of $836,248.46 (principal of $834,167.70 and interest of $2,080.76). Interest continues to accrue at a per diem amount of $100.74. Each of the Defendants is also liable for accrued interest through the date of judgment, expenses, post-judgment interest allowed by law, attorneys' fees and costs.

15. **Reservation of Rights.** Bank of America expressly reserves its other and further remedies to collect the loan proceeds including, but not limited to foreclosing on collateral, or taking such other action at law or in equity to collect the monies which are due.

WHEREFORE, PREMISES CONSIDERED, Bank of America respectfully prays that Defendants be summoned to appear and answer herein, and that at the final hearing hereof, it will have and recover judgment against each of the Defendants in the amount of their indebtedness, expenses, attorneys fees, post-judgment interest allowed by law, costs and such other and further relief, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*[signature]*

Brian A. Kilpatrick
Attorney-in-Charge
State Bar No. 00784392
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (fax)
bkilpatrick@jw.com (e-mail)

ATTORNEY FOR PLAINTIFF